### Bunkin et al. v. Miller.

*Equity—Nuisance—Injunction—Evidence—Conflict of testimony.*

On a bill in equity for an injunction to abate a nuisance caused by the wrongful emission of smoke and noxious odors from a laundry and the deposit of soot and dirt on plaintiff's premises, a preliminary injunction will be issued where the affirmative testimony of a large number of witnesses for plaintiffs and photographs produced is met only by the negative testimony of a few witnesses for defendant, who testified that they had not seen the smoke or noticed the odors.

Motion for preliminary injunction. C. P. No. 5. Phila. Co., March T., 1927, No. 17220, in Equity.

*Werblun & Wilderman*, for plaintiffs; *W. Ginsburg*, for defendant.

MARTIN, P. J., Sept. 14, 1927.—Fannie Miller, the defendant, is the owner of the "Daily Laundry," which has been operated by her husband, Samuel

Miller, at Nos. 2115 and 2117 East Moyamensing Avenue, in the City of Philadelphia.

The plaintiffs reside in the immediate vicinity of the laundry. Volumes of black smoke and noxious odors escape from the laundry and injuriously affect plaintiffs and their property.

Plaintiffs filed the bill in equity in this case, averring that upon the building in which the laundry is conducted there is a chimney extending approximately seven feet above the roof of the building, which is two stories in height.

It is averred in the bill that the chimney is illegally constructed in violation of section 50 of an Ordinance approved Dec. 9, 1904, by the Councils of the City of Philadelphia, to regulate the emission of smoke, making it unlawful to permit smoke of a certain degree of darkness to escape; that carbonous soot, noxious gases and odors emanate from the chimney, causing annoyance and distress to the residents in the neighborhood, and large volumes of smoke, which constitute a nuisance, and that the plant is operated at unnecessarily early hours of the morning and late hours of the night, thereby disturbing plaintiffs in the enjoyment of their homes.

The bill prays for an injunction to restrain the owner of the laundry from maintaining it in the manner in which it is conducted, and requiring the abatement of the nuisance.

The bill was duly served upon defendant, an appearance entered by counsel and a date fixed for hearing, when the witnesses for both sides were examined and cross-examined.

Twenty-three residents in the neighborhood were present to testify that volumes of black smoke escape from the chimney of the laundry, and noxious odors are emitted from the building, which cause personal discomfort to plaintiffs and the deposit of soot and dirt upon their properties.

There was testimony on behalf of defendant that oil is used as fuel in the conduct of the business of the laundry, and no coal burned. Experts were called to prove that the dirt alleged by plaintiffs to have been accumulated from deposits thrown out by the chimney and collected upon their properties is not produced by the combustion of oil. Among the witnesses called by defendant there was a smoke inspector, who testified that he had not seen smoke escape from the chimney at any time during five visits paid to the neighborhood. Other witnesses saw no smoke and experienced no inconvenience by reason of odors.

The positive testimony of the numerous witnesses for plaintiffs was corroborated by four photographs placed in evidence, which showed dense columns of black smoke coming from the chimney of the laundry.

Defendant, by the negative testimony of persons who have not seen smoke, and of experts who described the character of machinery used in the plant and the effect of combustion of oil, has failed to refute the positive testimony of witnesses who have seen and suffered from the smoke and odors, and the evidence of the photographs, showing the chimney and the black smoke coming out.

The prayer of the bill for an injunction should be granted, and defendant should be restrained from conducting the laundry at Nos. 2115 and 2117 East Moyamensing Avenue in a way to cast smoke upon the dwellings occupied by plaintiffs, and emit noxious odors that cause plaintiffs annoyance and discomfort.

Of the six requests for findings of fact presented on behalf of plaintiffs, the 1st, 2nd, 5th and 6th are affirmed; the 3rd is qualified by adding a state-

ment that the defendant, Fannie Miller, was the owner, and, as thus modified, is affirmed. The 4th request is refused. The five requests for conclusions of law are affirmed.

Of the thirteen requests for findings of fact presented on behalf of defendant, the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 9th, 10th and 13th are affirmed; the 8th, 11th and 12th are refused. The four requests for conclusions of law are refused.

And now, to wit, Sept. 14, 1927, after consideration of the foregoing motion, it is ordered, adjudged and decreed as follows: That an injunction issue restraining defendant from casting smoke upon the dwellings occupied by plaintiffs and emitting noxious odors from the laundry into their dwellings.

Security to be entered in the sum of $500.